HAYDÉE BENÍTEZ REXACH, Plaintiff and Appellee, *v.* FÉLIX BENÍTEZ REXACH, Defendant and Appellant.

No. 8900.   Argued November 9, 1945.—Decided March 28, 1945.

*Adrián Agosto* for appellant.   *Orlando J. Antonsanti* and *Fernando Ruiz Suria* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

This is an action of debt which involves the following facts: The plaintiff and the defendant, after being divorced, executed, in 1928, a deed of compromise of suits and waiver of shares and rights, whereby the plaintiff bound herself to abandon two suits which she had filed against the defendant. one in the Federal Court for the recovery of an acknowledged debt of $72,925.68, and another in the District Court of San Juan for the recovery of an allowance which the defendant had bound himself to pay to the plaintiff for the support of

their four minor children. The defendant in turn bound himself to deliver to the plaintiff the amount of $72,925.68 as well as 40 shares of the San Juan Dock Company and a monthly allowance of $100 for said children while they were minors. The plaintiff also bound herself to pay all the taxes levied, and pending of payment, on the property of the San Juan Dock Company.

On October 15, 1941, the plaintiff brought this action wherein she alleged that on December 31, 1938, three of her children had reached majority, and that from that time the defendant had failed to pay to the plaintiff the $25 monthly which was the allowance that remained to be paid to her minor daughter Haydée. She prayed for judgment for $825 which was the total amount of the unpaid monthly allowances and that defendant be ordered to pay $25 monthly, at the expiration of each allowance, plus interest, costs, and attorney's fees.

On October 31, 1941, by reason of certain steps taken extrajudicially by the plaintiff, the defendant paid her $558.33, which amount corresponded to the monthly allowances that had become due from January, 1938, to November 10, 1940.

In his answer the defendant practically accepted the facts alleged in the complaint, but, by way of special defense, he alleged that his obligation of maintenance and support as to his daughter Haydée had ceased by reason of her marriage on November 10, 1940; and further he challenged the jurisdiction of the lower court and the capacity of the plaintiff to bring this action.

The court sustained the complaint in all its parts, except as to the payment of the monthly allowances which became due subsequent to the commencement of this action. The defendant appeals and assigns as error, in substance, the same defenses and allegations set up in the answer.

As to the alleged lack of jurisdiction of the lower court, the assignment has no merit. We have repeatedly

held that the jurisdiction of the district courts in actions of debt is determined by the amount claimed in the complaint and the fact that said amount should be subsequently reduced by reason of the evidence to less than $500 does not deprive the courts of jurisdiction. *Méndez* v. *Casino "Hijos de Borinquen,"* 35 P.R.R. 248; *Hamilton* v. *Boerman,* 35 P.R.R. 496; *Succrs. of P. Millón & Co.* v. *Caamaño,* 38 P.R.R. 174; *Horace Waters & Co.* v. *Claboguera,* 42 P.R.R. 911; *Longchamps* v. *Franceschi,* 56 P.R.R. 185; *Donato* v. *Cruz,* 59 P.R.R. 535.

The sole question of some importance involved in this case is the determination of whether the obligation contained in the contract of compromise whereby the defendant bound himself to pay to the plaintiff a monthly allowance of $25 for the support of his daughter while she was a minor, ceased on November 10, 1940, by reason of his daughter's marriage on that date though she was still a minor.

The error committed by the defendant in setting forth all his arguments in the present case is that he starts from the false premise of considering that this is an action wherein plaintiff claims support for and in the name of her daughter. On the contrary, this is an action of debt based on a contract of compromise, of an onerous character, executed by the parties, and nothing therein brings it under the prohibitions contained in § 1207 of the Civil Code.[1] As part of the consideration of the contract, the plaintiff bound herself to abandon the litigation and to pay certain taxes and the defendant, on his part, bound himself to pay to the plaintiff a certain sum of money and monthly allowances until his four children should reach majority. All these facts were agreed to by the plaintiff and the defendant. The children were not and could not be, under § 1713 of the Civil Code, parties to the contract, inasmuch as they could not compromise

---

[1] Section 1207 of the Civil Code:

"The contracting parties may make the agreement and establish the clauses and conditions which they may deem advisable, provided they are not in contravention of law, morals, or public order."

with regard to their right to receive future support from their father, but the plaintiff did not compromise with regard to said support, she merely fixed the amount of the allowance, and bound herself to give her children whatever they might need in excess of those $25 monthly, for their maintenance, housing, clothing, education, and medical attention, thus being prevented from claiming from the defendant the amount of said excess. (Sections 142 and 145 in relation to § 153 of the Civil Code.)

The fact that defendant's daughter was emancipated by reason of her marriage would operate as an estoppel as to any claim for support which she might make against her father, defendant herein, in the first instance (§ 144 of the Civil Code); but as we have already said, such is not the case before us, which is an action of debt arising from a valid obligation contracted by the defendant and the plaintiff wherein the daughter is not and could not be a party.

The judgment appealed from should be affirmed.